### ROBB *et al.* *v.* VOS *et al.*

*(Circuit Court, S. D. Ohio, W. D.    August 28, 1888.)*

1. EQUITY—JURISDICTION—INADEQUATE REMEDY AT LAW.
   In an action against life-tenants. to subject their interest to the claims of creditors, an unauthorized and fraudulent appearance was entered for the reversioners, and, without their knowledge or consent, a decree was filed that the land be sold divested of their interest. The attorney fraudulently appearing for them converted the proceeds. *Held,* that the reversioners had no adequate remedy at law, and that equity had jurisdiction to relieve against the fraud.

2. FEDERAL COURTS—JURISDICTION—JUDGMENT OF STATE COURTS.
   Federal courts have jurisdiction to relieve against a title fraudulently obtained by proceedings in a state court by enjoining the assertion of the fraudulent title.

In Equity.

This was a bill in equity by James Hampton Robb and Charles E. Strong against August Vos, William Stix, and Moritz Loth to enjoin the defendants from asserting a fraudulent title to real estate.

*Harmon, Colston, Goldsmith & Hoadly,* for plaintiffs.

*A. B. Huston* and *Wilby & Wald,* for defendants.

HAMMOND, J.    The demurrer in this case must be overruled.    As to the jurisdiction of the court, it is very clear that it cannot be defeated on the ground that the purpose of the bill is to set aside, as if upon error or appeal or some such review, the decrees of a state court for irregularities or the like, nor upon any equitable consideration for which a court of competent jurisdiction might grant a new trial as at law for some fraud, accident, or mistake entitling a party to such relief.    It is not that kind

of a bill, but is one attacking the title of the defendants to certain real estate, which it is alleged they have procured by a fraudulent judicial proceeding. The relief asked would leave the proceedings of the state court intact as judicial proceedings, and it is not necessary in granting effective relief to interfere with them in the sense of setting aside the decrees by directing that they should be vacated or corrected in whole or in part, as under some circumstances a state court of equity might do, if essential to be done, but as to which this court could not act upon the records of a state court. All that need be done is to enjoin the defendants from asserting their alleged fraudulent title against the paramount title of the plaintiffs, because of the alleged frauds in procuring that title. This is just as effective as vacating the decree could be, but yet it is not, technically, vacating the decree in the sense already mentioned. That this jurisdiction exists to prevent the parties from relying on a fraudulent title procured by judicial proceedings, in whatever court they may have been taken, is beyond question. A state court of equity could so act as to titles procured through fraudulent proceedings in a federal court, and so may the federal courts as to those acquired in the state courts. If the parties and property were in a foreign court, the relief would also be available. Says Mr. Justice BRADLEY, in *Johnson* v. *Waters*, 111 U. S. 640, 667, 4 Sup. Ct. Rep. 619:

"The court of chancery is always open to hear complaints against fraud, whether committed *in pais* or in or by means of judicial proceedings. In such cases the court does not act as a court of review, nor does it inquire into any irregularities or errors of proceeding in another court, but it will scrutinize the conduct of the parties, and, if it finds that they have been guilty of fraud in obtaining a judgment or decree, it will deprive them of the benefit of it, and of any inequitable advantage which they have derived under it."

Nor is the ground of demurrer well taken that the court has no jurisdiction, because the plaintiffs have an adequate remedy at law. Briefly, the bill alleges that the plaintiffs were the owners of certain valuable real estate which was in possession of certain tenants under a lease for the life of two persons for whom the plaintiffs are trustees, with peculiar covenants, not necessary to here mention. Those tenants for the life of another being involved, their judgment creditors sought by the judicial proceedings aforesaid to subject their interest in the lands to their debts, and had the right to do this. But one Kebbler, an attorney at law, conceived the scheme of using those proceedings to divest the plaintiffs (the trustees) of their interest in the land by its sale, he embezzling the proceeds, which he did. These trustees were parties to the record; and Kebbler, without their knowledge or consent, made an unauthorized and fraudulent appearance, filed a cross-bill for them, and consented to the sale of the real estate, divested of their interest; he pocketing the money. He had no authority, express or implied, to appear for them, and they never heard of the transaction until after the sale. The defendants were the purchasers, and this bill seeks to avoid the title so acquired.

It is suggested that the transaction was really a mortgage for investment of funds, and not a lease, but this is immaterial here. Whatever the rela-

tion, there is no adequate remedy at law. A suit for the rent not paid, and the right to which is denied, if available at law by proof of the facts constituting the fraud, would leave the muniment of title still outstanding, and always threatening; and the process of collecting the rent by suit might be, and would probably have to be, repeated at every rent-day, while witnesses might die and proof be destroyed. So of ejectment, if that be possible in the complications of the case. The muniments of title would still be outstanding and uncanceled. Moreover, the purchasers, being entitled to the interest of the original tenants for life of the *cestuis que vie*, it may be doubtful if ejectment would lie as a trial of title. But if it did, no such action would afford the adequate and plenary relief asked by this bill. It is not sufficient that there is a remedy at law,—that remedy must be full, complete, and adequate; and, under the peculiarities of this case, it clearly is not. It is not necessary to consider whether on the allegation of the bill it appears that the defendants are innocent purchasers, or have any other defense which may be available; such, for example, as that the action of Kebbler was binding on the plaintiffs, and that their remedy is against him. If the defendants had such knowledge, actual or constructive, of this fraud as would protect the plaintiffs from their title, they might recover on this bill, possibly, notwithstanding Kebbler's authority to bind them. All these matters are more properly cognizable on the issues made by answer or plea. The bill is good on it face, substantially. Demurrer overruled.